**MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION**

On January 24, 2020, the Court granted Plaintiff US Lighting Group, Inc.'s ("USLG") Motion to Intervene in the consolidated lawsuits filed by Plaintiffs Petti, Spivak, and Intellitronix Corporation and deemed Plaintiff's Complaint filed as of the date of the order.  On January 27, 2020, Plaintiff filed an Amended Complaint.  Defendant timely files this Motion to Dismiss.

Although the USLG Amended Complaint includes six separate causes of action, it really boils down to two claims - a breach of contract claim arising out of a Confidentiality Agreement incorporated into the USLG Distributor Agreements, and a defamation claim arising out of the same internet post at issue in the other cases[1].

The Amended Complaint should be dismissed for lack of general and specific personal jurisdiction and improper venue. Counts IV, V, and VI of the Amended Complaint should also be dismissed for failure to state a claim, as these defamation claims were filed outside of the one-year statute of limitations.  Further, Plaintiff was required to plead special damages for Count VI, injurious falsehood, and failed to do so.

**II.    STATEMENT OF FACTS**

Defendant Fraker is a citizen of the State of Missouri[2].  He has never resided in the State of Ohio[3].  His company, Fraker Energy Systems, is located in Missouri[4].  He does not maintain an office in Ohio[5].  Fraker does not transact business in Ohio.  Fraker did not contract with USLG to

---

[1] Plaintiff alleges three breach of contract claims:  (1) breach of contract, (2) tortious interference with contract, and (3) misappropriation of trade secrets as defined in the Confidentiality Agreements.  Plaintiff also alleges three defamation claims: (1) libel, (2) deceptive trade practices, and (3) injurious falsehood.  See Amended Complaint, ECF Doc #: 86; PageID ##: 3306-3336
[2] See Declaration of Cameron Daley Fraker, attached as Exhibit A.
[3] Id.
[4] Id.
[5] Id.

supply goods or services in Ohio[6]. Fraker did not market USLG products in Ohio[7]. Fraker did not sell any USLG products to customers in Ohio[8]. In fact, he was only authorized to sell USLG products in Missouri, Kansas, Nebraska and Iowa.

USLG alleges that Fraker breached a Confidentiality Agreement that USLG drafted and Fraker signed on September 21, 2015.[9] On October 14, 2015, the parties also signed the USLG Distributor Agreement, which specifically refers to and incorporates the Confidentiality Agreement.[10] On March 14, 2016, the parties signed a second USLG Distributor Agreement.[11] The Confidentiality Agreement is also attached to both Distributor Agreements[12].

Both of the USLG Distributor Agreements include a forum selection clause which states:

> "[t]his agreement shall be governed by and construed under the laws of the United States of America and the State of Wyoming, without giving effect to any choice or conflict of law provision or rule (whether of the State of Wyoming or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Wyoming. Jurisdiction for resolution of any disputes arising in connection with this Agreement shall be vested in the state and federal courts located in the State of Wyoming."[13]

Despite the fact that USLG required that "any disputes arising in connection with this Agreement shall be vested in the state and federal courts located in the state of Wyoming," USLG improperly filed the Amended Complaint here.

---

[6] Id.
[7] Id.
[8] Id.
[9] Amended Complaint, ¶ 8, ECF Doc #: 86; PageID #: 3307.
[10] Amended Complaint ¶ 9, ECF Doc #: 86; PageID #: 3307, see also, 2015 Distributor Agreement, ECF Doc #: 86-2, PageID ##: 3319-3324.
[11] See 2016 Distributor Agreement ECF Doc #: 86-3, PageID ##: 3325-3328.
[12] Amended Complaint ¶ 11, ECF Doc #: 86; Page ID #: 3307.
[13] 2015 Distributor Agreement, ECF Doc #: 86-2, PageID ##: 3319-3324; 2016 Distributor Agreement ECF Doc #: 86-3, PageID ##: 3325-3328.

III.  **LAW AND ARGUMENT**

    A.  **Defendant's Motion To Dismiss Should Be Granted For Lack Of Personal Jurisdiction.**

Plaintiff bears the burden of establishing that jurisdiction exists. *Jarmoszuk v. Farm Credit*, N.D.Ohio No. 1:13CV0475, 2013 U.S. Dist. LEXIS 107333 (July 31, 2013) (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002). "The plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). A prima facie showing is made by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum State to support jurisdiction." *Neogen Corp.*, 282 F.3d at 887. "Under this standard, dismissal is proper if all the allegations put forth by the plaintiff collectively fail to state a prima facie case for jurisdiction." *Jarmoszuk, supra* (quoting *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 149 (6th Cir. 1997)).

To determine whether personal jurisdiction exists over non-resident defendants such as Fraker, federal courts must follow a two-step analysis. *Jarmoszuk v. Farm Credit*, N.D.Ohio No. 1:13CV0475, 2013 U.S. Dist. LEXIS 107333 (N.D. Ohio, July 31, 2013). Personal jurisdiction exists "if defendant is amenable to suit under Ohio's long-arm statute; and if the exercise of personal jurisdiction would not deny the defendant due process. *Jarmoszuk, supra*, (citing *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002)).

    1.  **Ohio's Long-Arm Statute.**

The Ohio long-arm statute, Revised Code Section 2307.382(A), provides in pertinent part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

>   (1)     Transacting any business in this state;
>
>   (2)     Contracting to supply services or goods in this state;
>
> * * * *

Fraker did not contract to supply services or goods in this state. Fraker did not direct any activity towards the State of Ohio. Fraker did not sell USLG products in Ohio. Fraker did not transact business in this state that gave rise to the *cause of action* as stated in the Amended Complaint. Fraker's actions that allegedly give rise to the breach of contract claim did not occur in Ohio. USLG makes no mention of any activity that was conducted by Fraker in Ohio. The fact that USLG is located here and a contract existed between the parties is insufficient to invoke personal jurisdiction over Fraker. See *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1118-19 (6th Cir. 1994) (unilateral activity of the plaintiff is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State).

Additionally, the forum selection clause in the contracts that USLG claims Fraker allegedly breached provides that any disputes must be brought in Wyoming. See *Jarmoszuk v. Farm Credit*, N.D.Ohio No. 1:13CV0475, 2013 U.S. Dist. LEXIS 107333 (July 31, 2013).

>   **2.     Due Process.**

Even if Fraker is amenable to suit under the Ohio long-arm statute, the Court must also ascertain whether the exercise of personal jurisdiction comports with due process requirements. In other words, Fraker must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945). Because the Ohio Supreme Court has held that the Ohio long-arm statute does not go to the limits of due process, *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 238 n. 1, 638 N.E.2d 541 (1994), both prongs of

4

this jurisdictional analysis must be met separately to satisfy the requirements for personal jurisdiction.

A three-part test is used to determine whether specific personal jurisdiction exists over a non-resident defendant for due process. *Hunter v. Mendoza*, 197 F.Supp.2d 964, 968 (N.D.Ohio 2002). This test is as follows:

> 1) defendant must purposefully avail himself of the privilege of conducting activities in the forum State; 2) the cause of action must arise from defendant's activities in the forum State; and 3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum State to make its exercise of jurisdiction over defendant fundamentally fair.

Minimum contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there." *World–Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980). It is necessary that the defendant "purposely avail[ ] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); see also, *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273 (6th Cir. 1998). "This purposeful availment requirement ensures that a defendant will not be hauled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Dean*, 134 F.3d at 1273 (quoting *Burger King Corp.*, 471 U.S. at 475) (quotation marks and citations omitted).

"[M]inimum contacts can only be formed by 'an action of the *defendant* purposefully directed toward the forum State.'" *Reynolds v. Int'l Amateur Athletic Fed'n,* 23 F.3d 1110, 1119 (6th Cir. 1994), 23 F.3d at 1119 (emphasis added) (citing *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 112, (1987)).

5

USLG has not alleged that Fraker performed any activity within Ohio and the mere existence of a contract between Fraker and USLG does not show that Fraker purposefully directed his actions toward Ohio. *Jarmoszuk, supra,* (citing *Calphalon Corp.*, 228 F.3d at 722).

None of the claims against Fraker arise from activity conducted in Ohio. Fraker placed orders and transacted his business from Missouri. USLG did not grant Fraker the right to distribute products in Ohio. Following the terms of both Agreements, Fraker did not sell products in Ohio. None of his customers were located in Ohio. Fraker did not market USLG products in Ohio. Fraker's entire business relationship with USLG related to business transacted outside of Ohio.

Similarly, Plaintiff's defamation claims did not arise out of conduct that occurred in Ohio. In the internet post, Fraker discusses dissatisfaction with his business relationship with USLG. The statements do not concern activities conducted in Ohio. USLG is required to show that Fraker's contacts with Ohio are both "continuous and systematic" enough to invoke jurisdiction, which it cannot do.

Finally, the exercise of personal jurisdiction over Defendant under these circumstances would offend "traditional notions of fair play and substantial justice." See *Asahi Metal Industry Co. Ltd.*, 480 U.S. at 105 (quoting *Int'l Shoe Co.*, 326 U.S. at 316). A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. *Jarmoszuk, supra.* Fraker has conducted substantially all of his business activities in Missouri. Fraker's actions are insufficient to meet the requirements of Ohio's long-arm statute and the three-prong due process test. Further, the exercise of jurisdiction would be fundamentally unfair and contrary to the USLG forum selection clause.

### C. Defendant's Motion To Dismiss Should Be Granted Based On Improper Venue.

Plaintiff bears the burden of proving that venue is proper once an objection to venue has been raised. *Thorworks Industries v. E.I. Dupont De Nemours & Co.*, 606 F.Supp.2d 691, 694 (N.D.Ohio 2008). Id. If the Court determines that venue is improper, the Court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Id. The choice "to dismiss or transfer is within the district court's sound discretion." Id. (quoting *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir.1998)).

> 28 U.S.C. 1391(b) provides: Venue in General — A civil action may be brought in —
>
>    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Venue is improper as Fraker does not reside in this judicial district. Fraker does not work in this judicial district. Fraker does not own or lease property in this district. The Amended Complaint alleges that Fraker breached the contract with conduct that allegedly occurred outside of this state. The Amended Complaint does not reference any activity that occurred in Ohio. All of the events or omissions giving rise to the Plaintiff's claims occurred outside of Ohio.

Venue is also improper as the USLG Agreements contain a forum selection clause that specifically provides that the State of Wyoming is the chosen forum and that any disputes arising

7

in connection with this Agreement shall be vested in the state and federal courts located in the State of Wyoming[14]."

Here, all of Plaintiff's breach of contract claims reference the USLG Confidential Agreement and the USLG Distributor Agreements. Plaintiff claims that Fraker breached these Agreements, and did so in bad faith.[15] Plaintiff's tortious interference claim states that Fraker directly and indirectly contacted and made misrepresentations ... in breach of the Confidentiality Agreement."[16] Plaintiff's misappropriation of trade secrets claim provides that "USLG has trade secrets that include distributor and investor information *** and other Confidential Information described in the Confidentiality Agreement."[17] All of these claims are subject to the forum selection clause.

To establish whether a forum selection clause is valid, Courts examine: "(1) the commercial nature of the contract; (2) the absence of fraud or overreaching; and (3) whether enforcement of the forum selection clause would otherwise be unreasonable or unjust." *Painting Co. v. Weis Builders, Inc.*, S.D.Ohio No. 2:08-CV-473, 2009 U.S. Dist. LEXIS 3891, at *8-9 (Jan. 20, 2009).

The USLG contract's commercial nature weighs in favor of enforcement of a forum selection clause. *Painting* at *9. "Commercial forum selection clauses between for-profit business entities are prima facie valid. '[S]uch clauses are prima facie valid in the commercial context, so long as the clause has been freely bargained for.'" Id. at *9-10 (quoting *Kennecorp Mtge. Brokers v. Country Club Convalescent Hosp.*, 66 Ohio St.3d 173, 175, 610 N.E.2d 987 (1993)).

---

[14] 2015 Distributor Agreement, ECF Doc #: 86-2, PageID ##: 3319-3324; 2016 Distributor Agreement ECF Doc #: 86-3, PageID ##: 3325-3328.
[15] Amended Complaint, ECF Doc #: 86; PageID #: 3312.
[16] Amended Complaint, ECF Doc #: 86; PageID #: 3313.
[17] Id.

8

USLG wants to enforce the terms of the contracts against Fraker but doesn't want to follow the same contract's forum selection clause. USLG clearly designated the State of Wyoming to be the chosen forum to litigate any disputes or claims arising out of the Agreements. It is presumed to be valid and there is no good-faith argument to be made as to why it should not be enforced against its drafter.

### D.  Plaintiff's Claims Of Libel, Deceptive Trade Practices, And Injurious Falsehood Should Be Dismissed For Failure To State A Claim Based On The One-Year Statute Of Limitations.

The internet post at issue was posted on the consumer website, Ripoff Report.com on January 22, 2018.[18] As such, USLG had until January 22, 2019 to file an action against Fraker for any alleged defamatory statements. Plaintiff failed to do so as the Amended Complaint was filed on January 27, 2020, long after the one-year statute of limitations had passed. As such, Plaintiff's claims for libel, deceptive trade practices, and injurious falsehood must be dismissed.

Libel is defined as "a false written publication made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame, or disgrace, or affecting a person adversely in his or her trade, business, or profession." *Creatore v. Girton, Oakes & Burger, Inc.*, N.D.Ohio No. 4:09-CV-2926, 2010 U.S. Dist. LEXIS 94943, at *19 (Sep. 10, 2010) (quoting *Jackson v. City of Columbus*, 117 Ohio St.3d 328, 2008-Ohio-1041, 883 N.E.2d 1060, ¶ 9).

An action for libel or slander must be brought within one year after the cause of action accrued. R.C. 2305.11(A). See *Gentry v. Renal Network*, 636 F.Supp.2d 614, 617 (N.D.Ohio 2009). The cause of action begins to run when the libelous words are first spoken or published. *Doe v. College of Wooster*, N.D. Ohio No. 5:16-cv-979, 2018 U.S. Dist. LEXIS 23411, at *10

---

[18] Amended Complaint, ¶ 30, ECF Doc #: 86; PageID #: 3310.

9

(Feb. 13, 2018) (quoting *Gentile v. City of Solon*, N.D. Ohio No. 1:12CV1657, 2013 U.S. Dist. LEXIS 3408, at *6 (Jan. 9, 2013)). This particular rule is known as the "first publication" rule. Id. The one-year time limitation is strictly enforced and bars claims for defamation, even where a defendant repeats allegedly defamatory statements several times within one year of the filing date of the claim, so long as the first statement occurred more than a year prior to filing suit. Id.

USLG also alleges a deceptive trade practices act claim, pursuant to R.C. 4165.02(A)(10), based upon the allegedly defamatory internet post. A deceptive trade practices claim is defined as "a person engag[ing] in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person "[d]isparages the goods, services, or business of another by false representation of fact." R.C. 4165.02(A)(10). "Defamation claims, unlike fraud claims, involve the same type of disparaging comments applicable to a violation of §4165.02(A)(10)." *Lasmer Industries v. AM Gen., LLC*, 741 F.Supp.2d 829, 839 (S.D.Ohio 2010). The statute of limitations applicable to a deceptive trade practices act claim (R.C. 4165.02(A)(10)) is the one for defamation. *Lasmer, supra.*

The Amended Complaint contains a heading titled "Count VI - Injurious Falsehood" without further explanation, instead grouping the factual basis for this claim as Counts IV and V, Libel and Deceptive Trade Practices. Injurious falsehood occurs when "one publishes a false statement harmful to the interests of another." Restatement 2d of Torts, § 623A. Liability for the publication of injurious falsehood usually involves the publication of matter disparaging to the property in land, chattels or intangible rights or disparaging to their quality. (See § 623A, Comment a). A person may be liable if the following apply: (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in

10

reckless disregard of its truth or falsity. Restatement 2d of Torts, § 623A.  As such, this claim is also subject to the applicable one-year statute of limitations.

USLG tried to creatively label its defamation claim as three separate claims titled "libel, deceptive trade practices, and injurious falsehood" because USLG is aware these claims are time-barred.  However, the one-year statute of limitations applies and these claims should be dismissed.

### E. Plaintiff's Injurious Falsehood Claim Should Be Dismissed For Failure To Plead Special Damages, Pursuant To Federal Civil Rule 9(G).

"Special damages in the form of pecuniary loss must be pleaded and proved in an injurious falsehood suit." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1124 (6th Cir. 1990), see *Falls v. Sporting News Pub. Co.*, 834 F.2d 611, 617 (6th Cir. 1987); see also, Restatement § 623A comment f, at 340.  "A showing of special damages requires, at a minimum: facts showing an established business, the amount of sales for a substantial period preceding the publication, the amount of sales subsequent to the publication, and facts showing that such loss in sales were the natural and probable result of such publication... . *In re Commer. Money Ctr., Inc., Equip. Lease Litig.*, No. 1:02CV16000, 2006 U.S. Dist. LEXIS 72159, at *54-55 (N.D. Ohio Oct. 3, 2006).  "A bare allegation of the amount of pecuniary loss is insufficient for the pleading of a trade libel claim ... ." Id. (citing *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1113 (C.D. Cal. 2004). Additionally, "in the usual case ... plaintiff must identify the particular purchasers who have refrained from dealing with him, and specify the transactions of which he claims to have been deprived... ." Id.

Plaintiff has failed to plead special damages and, therefore, this claim should be dismissed.

### IV. CONCLUSION

For the foregoing reasons set forth herein, Defendant's Motion to Dismiss should be granted.

Respectfully submitted,

/s/ Kristin L. Wedell
**KRISTIN L. WEDELL (0072500)**
Dickie, McCamey & Chilcote, P.C.
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio  44115
(216) 685.1827 – Telephone
(888) 811.7144 – Facsimile
kwedell@dmclaw.com
**Attorney for Defendant
Cameron Daley Fraker**